Filed 9/16/24  P. v. Grimley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT DANIEL GRIMLEY, JR.,<br><br>        Defendant and Appellant. | A166929<br><br><br>(Lake County<br>Super. Ct. No. CR963590) |

Defendant Robert Daniel Grimley, Jr., pleaded no contest to, and was convicted of, one count of theft, embezzlement, forgery, fraud, or identity theft from an elder or dependent adult and three counts of unauthorized use of personal identifying information.  (Pen. Code §§ 368, subd. (d), 530.5, subds. (a), (c)(2).)[1]  The trial court thereafter sentenced him to a total term of five years in county jail prison.

Defendant's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106 (*People v. Kelly*) raising no issue for review and requesting that we conduct our own independent review of the record on

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

appeal. Defendant has not exercised his right to file a supplemental brief in a timely fashion.

Having considered the record in accordance with *People v. Wende* and *People v. Kelly*, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2022, defendant accepted an open plea agreement pursuant to which he pleaded no contest to: theft, embezzlement, forgery, fraud, or identity theft from an elder or dependent adult (§ 368, subd. (d); count I); unauthorized use of personal identifying information with a previous conviction of the same (§ 530.5, subd. (c)(2); counts III & V); and unauthorized use of personal identifying information (§ 530.5, subd. (a); count VII).

The parties stipulated to the following factual basis for defendant's plea: "As to Count One, on or about May 4th, 2022, the defendant used Thomas A[.]'s account to pass a forged check of over $950. And Mr. A[.] was 74 at the time, and the defendant knew or reasonably knew that he was 74 at the time. [¶] As to Count Three, the defendant also took checks—or checks in the amount of over $950 belonging to Cassandra H[.] and forged them and passed them. [¶] And as to Count Five, on or about April 2022 to May of 2022, the defendant had checks belonging to Dylan, D-Y-L-A-N, last name of H[.] and forged those checks and passed them." "As to Count Seven, on or about April of 2022, the defendant had checks belonging to Lori, L[.], and forged them and passed or attempted to pass them. And all those had the identify information to do that on those checks of each of those victims. And that was in the county of Lake."

Also on September 22, 2022, the trial court accepted defendant's no contest plea after finding that his waiver of his constitutional rights to a

2

trial by jury, made in writing and affirmed on the record, was knowing, voluntary, and intelligent.

On October 24, 2022, the trial court sentenced defendant to a total of five years in county jail prison, consisting of the three-year middle term on count I and eight months (1/3 the middle term) on counts III and V, to run consecutively. The court further ordered that defendant was to serve no less than four years six months in custody, after which his remaining six-month sentence would be suspended and he would serve out his time on mandatory supervision. Finally, the court ordered defendant to relinquish any firearms, reserved the issue of victim restitution, and awarded him a total of 200 days of custody credits. This timely appeal followed.

## DISCUSSION

As we previously stated, defendant's appointed counsel has filed an opening brief setting forth the material facts but raising no issue for our consideration. Counsel requests that we independently review the record to decide whether there exists any nonfrivolous issue for appeal. (*People v. Wende, supra*, 25 Cal.3d 436; *People v. Kelly, supra*, 40 Cal.4th 106.) In doing so, counsel attested that defendant was advised of his right to file his own brief with this court. However, he failed to exercise this right in a timely manner.

After independently reviewing the record, we agree with appellate counsel that there are no reasonably arguable legal or factual issues to be considered. Defendant was advised of his constitutional rights to a trial by jury. Afterward, he executed a knowing, voluntary, and intelligent waiver of these rights and entered a plea deal. Pursuant to this deal, which was negotiated by counsel and accepted by the court, defendant pleaded no contest to the four counts described *ante*.

3

At the subsequent sentencing hearing, the court found defendant was presumptively ineligible for probation based on his record of multiple felony convictions. The court also found the case did not qualify as an "unusual" case in which the interests of justice would best be served if defendant were granted probation, noting the "nature, seriousness and circumstances of the crime . . . ." (§ 1203, subd. (e)(4); Cal. Rules of Court, rule 4.413(b).)

The court then weighed both aggravating factors, which included defendant's numerous prior offenses, prior prison terms, and unsatisfactory performance on probation, and one relevant mitigating factor, his early admission of guilt, before imposing the middle term sentence. The court imposed consecutive rather than concurrent sentences upon finding the offenses involved different objectives, times and places. These decisions, rational and soundly based on the evidence, will not be disturbed. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 832 ["In the absence of . . . a showing [that the sentence was irrational or arbitrary], the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review"].)

Having ensured defendant received adequate and effective appellate review, we affirm. (*People v. Wende, supra*, 25 Cal.3d at pp. 441–442; *People v. Kelly, supra*, 40 Cal.4th at pp. 112–113.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.                                             A166929/*People v. Grimley*

4